UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.: 19-CV-713

GOLDEN GLOW SERVICES INC.,

Plaintiffs,

**COMPLAINT**

-against-

ORTUS ENGINEERING, P.A., and ELVIS TORRES

**JURY TRIAL DEMAND**

Defendants.

Plaintiff, GOLDEN GLOW SERVICES INC, by their attorney, LAW OFFICE OF ERIN M. MCGINNIS, PLLC, as and for their Complaint against Defendant, allege as follows:

### JURISDICTION AND VENUE

1. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizen of different States. Federal jurisdiction therefore exists under 28 U.S.C. §1332.

### PARTIES

2. At all relevant times Plaintiff, GOLDEN GLOW SERVICES INC, is and was a corporation organized and existing under the laws of New York, with a principal business address of 68 Whitehall Street, Lynbrook, New York.

3. At all relevant times Defendant, ORTUS ENGINEERING, P.A., is and was a professional association organized and existing under the laws of Florida.

4. At all relevant times Defendant, ELVIS TORRES is and was a resident of the state of New York.

## FACTUAL ALLEGATIONS

### General Allegations

5. On or about December 31, 2015, Plaintiff and Defendant entered into an agreement whereby Defendant, ELVIS TORRES contracted for Plaintiff to provide all "back of house" administrative services for his engineering firm. This contract was to expire on November 30, 2020.

6. The agreement was prepared by Plaintiff, and was to include the provision of accounting services, accounts payable services, accounts receivable, billing and collections services, banking services, benefits administration, computers and software, facilities management, financing, insurance procurement and management, integrity monitoring, procurement of legal services, marketing and sales services and payroll services.

7. On January 22, 2019, Defendant's breached their contract with plaintiff via letter, terminating all services under the Administrative Services Agreement.

8. Defendant continues to have an outstanding balance for services rendered in the amount of $327,477.49.

9. As the result of this breach, Plaintiff has been damaged in the amount of $813,112.27, for anticipated revenues under the Administrative Services Agreement.

10. Pursuant to the Administrative Services Agreement, GLOW SERVICES INC. provided cell phones, lap tops, and desk top computers to ORTUS ENGINEERING P.A. employees. Upon termination of the contract by defendant's all electronic equipment should have been returned. To date, none of the equipment has been returned, and defendant's now owe an excess of $10,000 for the converted electronics.

11. GOLDEN GLOW SERVICES INC. provides banking services pursuant to the Administrative Services Agreement through Bank of America. GOLDEN GLOW SERVICES INC provides these banking services to several entities, which are all jointly managed through Bank of America's portal.

12. On January 23, 2019 ELVIS TORRES presented in person to Bank of America and requested that GOLDEN GLOW SERVICES INC. and its' associated users be blocked from accessing any and all accounts associated with the company. As the result of ELVIS TORRES's malicious and intentional actions, GOLDEN GLOW SERVICES INC. was blocked from accessing all client accounts, causing irreparable harm to 8 entities that the Plaintiff provides administrative services to.

13. As the result of ELVIS TORRES' intentional interference with business practices, GLOW SERVICES INC. has been damaged in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

(Breach of Contract)

14. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 14 as if set forth in full hereunder.

15. Plaintiff and Defendants had an agreement.

16. Plaintiff performed in full pursuant to the agreement.

17. Defendants terminated the contract twenty months prior to its expiration, causing plaintiff to lose anticipated income.

18. Defendant defaulted in its payments under the agreement.

19. By reason of the foregoing, the Plaintiffs are entitled to damages in an amount to be determined at trial, but not less than $813,112.27.

20. Plaintiff further prays the Court grant Plaintiff costs, disbursements and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
(Unjust Enrichment)

21. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 21 of the Complaint, as if set forth hereunder in its entirety.

22. Defendants has received six months of administrative services, for which invoices remain outstanding in the amount of $286,980.80.

23. Defendants did not pay for the services it received.

24. There is a legal and equitable obligation for Defendants to pay all outstanding funds.

25. Defendant has been unjustly enriched in the amount of $286,980.80.

26. By reason of the foregoing, the Plaintiffs are entitled to damages in an amount to be determined at trial, but not less than $327,477.49.

27. Defendants' extreme and outrageous conduct was knowing, malicious, willful and wanton, entitling Plaintiffs to an award of punitive damages in an amount not less than $500,000.00.

### THIRD CAUSE OF ACTION
(Tortious Interference)

28. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 28 of the Complaint, as if set forth hereunder in its entirety.

29. GLOW SERVICES INC. has existing business relationships with several existing companies which it provides administrative services to.

30. Defendant, ELVIS TORRES, has knowledge of the current business relationships between GLOW SERVICES INC. and its clients.

31. Defendant, ELVIS TORRES, has intentionally and without justification interfered with these relationships. Specifically, the defendant blocked all access to GLOW SERVICES INC.'s bank accounts, with the intention of disrupting their business.

32. The defendant's unlawful and unjustified interference has caused irreparable harm to harm to these client relationships.

33. As a direct and proximate result of the defendant's conduct GLOW SERVICES INC. has been damaged in an amount to be determined at trial.

34. In engaging in the aforementioned conduct, the defendant has acted in bad faith, willfully, and with the intent to interfere with, or reckless disregard of GLOW SERVICES INC,'s rights, such that an award of punitive damages is appropriate in an amount not less than $5,000,000.00.

## FOURTH CAUSE OF ACTION
(Conversion)

35. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 36 of the Complaint, as if set forth hereunder in its entirety.

36. Upon information and belief ORTUS ENGINEERING P.A. has retained various electronic devices with the intent of exercising wrongful dominion over the electronic devices and/or interfering with GOLDEN GLOW SERVICES INC.'s right to possession of the electronic devices.

37. Upon information and belief, ORTUS ENGINEERING P.A.'s actions have in fact interfered with, and to the exclusion of, GOLDEN GLOW SERVICES INC.'s right to possession of the electronic devices.

38. As a result, GOLDEN GLOW SERVICES INC. is entitled to recover damages from ORTUS ENGINEERING P.A. in the amount of the full value of the electronic devices.

**WHEREFORE**, Plaintiffs request judgment and pray that the Court enter judgment in their favor and against Defendant, containing the following relief:

   a. Compensatory and consequential damages;

   b. Treble damages;

   c. Punitive damages;

   d. Costs and expenses;

   e. Attorney's fees; and

   f. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 5, 2019

                                Respectfully submitted,

                                */s/ Erin M. McGinnis*
                                Erin M. McGinnis
                                **LAW OFFICE OF ERIN M. MCGINNIS, PLLC**
                                *Attorney for Plaintiffs*
                                307 West 38th St. Suite 1218
                                New York, NY 10018
                                646-868-2425

## VERIFICATION

Ron Lattanzio, being duly sworn, deposes and says:

I am the President of GOLDEN GLOW SERVICES, INC., the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
Ron Lattanzio

Sworn to before me this
5 day of February 2019

_____
Notary Public

ERIN M. McGINNIS
Notary Public – State of New York
No. 02MC6251466
Qualified in Queens County
Commission Expires November 14, 20 19